IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NIGHBERT LAND COMPANY,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:19-cv-00435

CONSOL OF KENTUCKY, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Nighbert Land Company's ("Nighbert") Motion for Summary Judgment. (ECF No. 10.) For the reasons discussed more fully below, Nighbert's motion is **DENIED**.

I.    BACKGROUND

This action arises from the alleged breach of a land lease agreement by Defendants CONSOL of Kentucky, LLC, ("CONSOL") and Southeastern Land, LLC, ("Southeastern") for failing to pay certain royalties to Nighbert for the transportation of coal across the leased premises. (ECF No. 1-1 at ¶¶ 5, 8–13.) Nighbert leased certain mining and transportation rights to Southern West Virginia Energy, LLC, on March 24, 2005. (*Id.* at ¶ 1.) On or around April 22, 2005, Southern West Virginia Energy, LLC and CONSOL merged, making CONSOL the successor to Southern's interest in the Lease Agreement with Nighbert. (*Id.* at ¶ 3.) Nighbert granted CONSOL the right to transport coal over, under, or across the leased premises, and in return, entitled Nighbert to certain "wheelage rights." (*Id.* at ¶ 4–5.) At some point in time, Nighbert alleges that it was informed that CONSOL assigned its interest in the Lease Agreement to Southeastern, in violation

of the terms of the Lease Agreement. (*Id.* at ¶ 7.) Since that assignment of interest, Nighbert alleges that Southeastern has made only one payment of $57,070.95. Nighbert alleges that it is owed past-due wheelage royalties and guaranteed minimums under the lease in the amount of $492,646.23. (ECF No. 11 at 4, ¶ 9.)

On December 21, 2018, Nighbert and Southeastern executed a "Forebearance," in which Southeastern agreed to pay at least $200,000 in exchange for Nighbert forbearing the filing of this present lawsuit. (ECF No. 1-1 at ¶ 16.) This payment was owed on or before December 24, 2018. (*Id.* at ¶ 17.) On December 26, 2018, Nighbert alleges it received two checks totaling over two hundred thousand dollars, but when Nighbert attempted to deposit these checks, sufficient funds were not available and both checks bounced. (*Id.* at 18.) Then, on January 25, 2019, Nighbert alleges that Southeastern sent a payment of $44,177.31 to Nighbert. (*Id.* at ¶ 19.) Thereafter, on April 9, 2019, Nighbert sent by certified mail a notice of additional delinquencies to CONSOL and Southeastern. (*Id.* at ¶ 20.)

Nighbert initiated this lawsuit in the Circuit Court of Mingo County, West Virginia on April 30, 2019. (*See generally id.*) On June 6, 2019, CONSOL removed this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1 at 1.) On July 23, 2019, this Court entered a Scheduling Order, (ECF No. 8), which established January 31, 2020 as the close of discovery and February 20, 2020 as the deadline for dispositive motions. (*See id.*) Nighbert filed the pending Motion for Summary Judgment on September 24, 2019. (ECF No. 10.) The parties then stipulated to an extension, (ECF No. 12), for CONSOL and Southeastern to file their response to the motion, which this Court subsequently granted. (ECF No. 13.)

Before the response was filed, though, CONSOL moved this Court for leave to file a Third-Party Complaint. (ECF No. 14.) The parties again stipulated to an extension to file the response

to the motion for summary judgment, (ECF No. 15), and CONSOL filed its response on November 27, 2019. (ECF No. 18.) Then, on December 6, 2019, CONSOL moved the Court to file a cross-claim against Southeastern. (ECF No. 19.) This Court granted CONSOL's motion to file a third-party complaint on December 19, 2019, (ECF No. 21), which CONSOL then filed against James H. Booth on December 20. (ECF No. 22.) On January 3, 2020, this Court granted CONSOL's motion to file a cross-claim against Southeastern, (ECF No. 25), which, following an extension, CONSOL filed on February 14, 2020. (ECF No. 31.)

Then, on March 23, 2020, Nighbert filed a "Notice of Failed Conditional Settlement Agreement," (ECF No. 33), in which Nighbert alleges that a settlement agreement was reached between itself and Southeastern for the claimed delinquent amounts under the lease agreement. (ECF No. 33 at 2, ¶ 4.) Under this settlement, Southeastern was to make weekly payments of $85,000.00. (*Id.*) Nighbert alleges that Southeastern made three payments under the settlement agreement, but that two of them were untimely and that no other payments have been made pursuant to the terms of the settlement. (*Id.* at 2, ¶ 5.) Nighbert then requested a hearing for the Court to rule on its motion for partial summary judgment. (*Id.* at 4.)[1]

Finally, on June 1, 2020, the Court held a telephonic status conference. (ECF No. 39.) Thereafter, on June 2, the Court entered an Amended Scheduling Order. (ECF No. 40.) In particular, and in light of the recently added third-party defendant and cross claims, the Court extended several deadlines, including establishing that all discovery requests must be served by

---

[1] In addition, Nighbert alerted the Court to an order entered by the Honorable Miki J. Thompson, Circuit Court Judge of Mingo County, West Virginia, in a sister case to these proceedings, styled *Cotiga Development Co., et al., v. Consol Energy, Inc., et al.*, Civil Action No. 19-C-4. This order declared the assignment by CONSOL to Southeastern invalid: "Plaintiffs' motion for partial summary judgment on the pleadings as to Count I is GRANTED and the Court finds that the assignments of the Leases by [CONSOL] to Southeastern without the consent of the respective Plaintiff was not allowed under the terms of the Leases." (ECF No. 33-2 at 9–10.)

3

August 3, 2020, and all depositions completed by September 15, 2020. (*Id.*). The Court also set October 5, 2020, as the deadline for filing dispositive motions. (*Id.*)

Nighbert filed the pending motion for summary judgment on September 24, 2019. (ECF No. 10.) CONSOL filed its response on November 27, 2019. (ECF No. 18.) Southeastern did not file a response. Nighbert did not file a reply. As such, this motion is fully briefed and ripe for adjudication.

## I. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pr. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists where the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court may neither weigh the evidence, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "The nonmoving party must satisfy this burden of proof by offering more than a mere 'scintilla of evidence' in support of his or her position." *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F.Supp.2d 746, 751 (S.D. W. Va. 2006) (Goodwin, J.) (citing *Anderson*, 477 U.S. at 252). However, "summary judgment is appropriate only after the opposing party has had 'adequate time for discovery.'" *Lonestar Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 928 (4th Cir. 1995). Deciding a case summarily "before discovery is concluded" and on an incomplete record, "there has been a mistake and inadvertence and one that works an injustice." *White v. Investors Management Corp.*, 888 F.2d 1036, 1041 (4th Cir. 1989).

## II. DISCUSSION

In the pending motion, Nighbert seeks summary judgment in its favor "on all claims made in the Complaint." (ECF No. 11 at 10.) Nighbert argues that there is no genuine issue as to whether CONSOL and Southeastern owe the amounts Nighbert claims are owed under the Lease Agreement. (*Id.* at 6.) Further, Nighbert asserts that the Lease Agreement is clear and unambiguous, making the amounts owed easily calculable. (*Id.* at 6–7.) Finally, Nighbert argues that, notwithstanding the assignment of interest by CONSOL to Southeastern, both Defendants remain liable for the amounts owed. (*Id.* at 9–10.)

CONSOL counters that Nighbert's motion should be denied as premature as the parties have not yet begun discovery. (ECF No. 18 at 5.) In support of this contention, CONSOL requests additional discovery through a Rule 56(d) Affidavit. (ECF No. 18-1.) Further, CONSOL argues

that it has not "admitted" anything, as the calculations allegedly provided by Southeastern to Nighbert cannot support any liability on behalf of CONSOL. (ECF No. 18 at 4.) Finally, CONSOL notes that the lack of discovery is due in part to representations made by Nighbert and Southeastern that settlement discussions were "promising and perhaps imminent." (*Id.* at 5.)

The burdens applied to parties bringing and contesting motions for summary judgment are carefully crafted to balance the competing interests of affording litigants all opportunities to be heard on their claims and to promote judicial economy. The moving party's burden is to demonstrate that there is no dispute as to a material fact and that he is entitled to judgment as a matter of law. This standard aims to prevent the undue deprivation of the nonmoving party's right to test factual disputes at trial. However, this standard is manifestly unfair to the party resisting summary judgment if it has not had an adequate opportunity to explore the moving party's factual allegations through discovery. *See Miller v. Dell Financial Servs., L.L.C.*, Civ. Action No. 5:08-cv-01184, 2009 WL 1362485 at *2 (S.D. W. Va. May 13, 2009); *see also McCray v. Maryland Dept. of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) ("Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask.").

A motion for summary judgment is premature when filed before the parties have had adequate time for discovery. What the Court considers an adequate time for discovery is embodied in its scheduling orders. *See Miller*, 2009 WL 1362485 at *2. In this case, the discovery process was recently extended in consideration of the delay in discovery, as a result of fruitful settlement discussions, as well as the newly added third-party defendant and the assertion of a cross claim. An Amended Scheduling Order was only entered on June 2, 2020, which established that the close of discovery would occur on September 15, 2020. (ECF No. 40.) The deadline for completing discovery has not passed.

Additionally, CONSOL maintains that further discovery is needed to develop facts relevant to Nighbert's motion for summary judgment and has made a formal request for further discovery in the form of a Rule 56(d) Affidavit. (ECF No. 18-1.) A request for further discovery is "'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." *Citizens Bank of Kentucky v. Oaks, LLC*, Civ. Action No. 2:17-cv-02364, 2018 WL 2306667 (S.D. W. Va. May 21, 2018) (quoting *McCray*, 741 F.3d at 484 (citations omitted). A Rule 56(d) motion must be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *McCray*, 741 F.3d at 483–84 (quoting *Harrids Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). Here, CONSOL has supplied a Rule 56(d) affidavit which sets out specifically the discoverable information sought that is essential to its opposition to the pending motion. (ECF No. 18-1.) And, as already detailed, this Court only recently entered an Amended Scheduling Order extending the discovery deadlines. (ECF No. 40.)

This matter has provided a litany of procedural developments since the filing of Nighbert's motion. With the addition of a third-party defendant and a cross-claim against its co-defendant Southeastern, CONSOL is entitled to conduct discovery at its own pace and according to its own schedule, provided that it does so within the time constraints of the scheduling order. Accordingly, the Court **DENIES** Nighbert's Motion for Summary Judgment as premature without prejudice.

### III. CONCLUSION

For the reasons stated above, Nighbert's Motion for Summary Judgment, (ECF No. 11), is **DENIED** without prejudice.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      June 5, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE